UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DR. ROBERT W. MALONE,<br><br>        *Plaintiff*,<br><br>v.<br><br>PETER R. BREGGIN, MD, *et al.*,<br><br>        *Defendants*. | CASE NO. 3:22-cv-00063<br><br>**ORDER**<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court upon its own motion, and further to the Court's Show Cause Order issued on February 15, 2023. Dkt. 6. The Court issued the Show Cause Order because, notwithstanding notice letters from the Clerk, Plaintiff had not demonstrated that he served any defendant within ninety days, as Fed. R. Civ. P. 4(m) requires.

  Plaintiff timely responded to the Show Cause Order and requested thirty additional days to serve Defendants. Dkt. 7. Plaintiff's counsel asserted that on October 30, 2022 (the day the case was filed) he emailed the complaint to counsel for Defendants Peter Breggin, MD, Ginger Breggin, and Dr. Jane Ruby, who on November 11 agreed to accept service and requested a waiver of service form. *Id.* at 1–2. Yet it was not until February 1, 2023, that Plaintiff's counsel sent completed waivers of service forms to counsel for Defendants Breggin and Ruby. Then on February 2 and 7, counsel for the Breggins and Ruby responded that their clients had each hired new counsel. *Id.* at 2–3. Although Plaintiff's counsel requested signed waivers of service from these Defendants' new counsel, they have not responded to date. *Id.* Plaintiff's counsel asserts that he "did not pursue means to personally serve the Breggins and Ruby," but instead "relied in good faith on the express representations of counsel for the Breggins and counsel for Ruby that

1

they would execute and return Waivers of Service of Summons forms." *Id.* at 3. Accordingly, he "requests the Court to extend the time to serve the Breggins and Ruby by 30 days." *Id.*

> Rule 4(m) provides that
>
> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Good cause requires a showing of diligence on the part of the plaintiffs." *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (internal quotation marks omitted). Good cause is "commonly found" under circumstances when "failure of service is due to external factors, such as the defendant's intentional evasion of service, but significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause." *Id.* (cleaned up). The Fourth Circuit has also recently clarified, however, that "under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve the defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failure to serve the defendant during the 90-day period provided by the Rule." *Id.* at 220. In other words, "under Rule 4(m), while a district court must extend the time for service when a plaintiff shows good cause, such a showing is not necessary for the court to grant an extension in its discretion." *Id.* at 219.

The Court notes that certain circumstances described by Plaintiff's counsel would support a showing of good cause, specifically that Breggins and Ruby's then-counsel informed Plaintiff's counsel that they would waive formal service. Yet there are certain countervailing circumstances, such as the unexplained and significant lapse of time between November 11, 2022, when then-

counsel for the Breggins and Ruby said they would waive service, and February 1, 2023, when Plaintiff's counsel finally sent them waiver of service forms.

Ultimately, the Court need not determine whether Plaintiff's counsel has shown good cause for an extension of time to serve Defendants Peter Breggin, MD, Ginger Breggin, and Dr. Jane Ruby, because the Court finds the described circumstances support the Court's exercise of its discretion to grant Plaintiff's counsel thirty days from the date of this Order to serve these Defendants. *See Gelin*, 35 F.4th at 220.

For these reasons, the Court will **GRANT** Plaintiff's motion for an extension of time to serve Defendants Peter Breggin, MD, Ginger Breggin, and Dr. Jane Ruby. Dkt. 7. Plaintiff's counsel **must serve** these Defendants within **thirty (30) days** of this Order, *i.e.*, **March 29, 2023**. If Plaintiff's counsel serves these Defendant by that date, the Court will withdraw its Show Cause Order. If, however (as Plaintiff's counsel has agreed), Plaintiff fails to complete service on the Breggins and Ruby by March 29, 2023, "this matter shall be dismissed without prejudice." *See* Dkt. 7-1 at 1 (proposed order).

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to the parties.

Entered this   27th   day of February, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE