IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **DR. ROBERT W. MALONE** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) Case Number: 3:22-cv-63 |
| | ) |
| **PETER R. BREGGIN, MD.** | ) |
| **GINGER ROSS BREGGIN,** | ) |
| **AMERICA OUT LOUD,** | ) |
| **DR. JANE RUBY** | ) |
| | ) |
| **And** | ) |
| | ) |
| **RED VOICE MEDIA** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION

COME NOW Peter R. Breggin, MD. And Ginger Ross Breggin (hereinafter "the Breggins" or individually as "Dr. Breggin" and "Ginger Breggin"), who move to dismiss Dr. Robert W. Malone's (hereinafter "the Plaintiff" or "Dr. Malone") Complaint for failure to state a claim pursuant to Fed. R. Civ. R. 12(b)(2), file the following Memorandum in support of their motion.

### BACKGROUND

Both the Plaintiff and the Breggin Defendants are involved in the field of medicine, and are currently a part of the public discussion regarding the science and politics of both the coronavirus pandemic, and COVID-19 vaccine. Plaintiff Robert

1

Malone filed his lawsuit against the Breggins, alleging that he is entitled to over twenty-five million dollars ($25,000,000.00) in damages because he asserts that the Breggins "began to publish false statements, defamatory implications and insulting words about Dr. Malone in internet articles, podcast videos and via social media (Telegram and Twitter)." (Pl. Compl. ¶ 1). Dr. Malone is a licensed medical doctor living in Madison County, Virginia. He asserts that he "is a world-renowned scientist and expert in the field of mRNA technology. He was the leading contributor to the science exploited by Pfizer and other pharmaceutical corporations to create the alleged 'vaccines' for the novel coronavirus ("COVID-19")." (Pl. Compl. ¶ 1). He claims to be the "original inventor of mRNA vaccination as a technology, DNA vaccination and multiple non-viral DNA and RNA/mRNA platform delivery technologies." (Pl. Complaint, ¶ 3).

The Defendants Peter R. Breggin MD and his wife Ginger Breggin are citizens and residents of New York. Dr. Breggin is a lifelong reformer in the field of medicine, and is known as "The Conscience of Psychiatry" for his criticism of biological psychiatry and his promotion of more effective, empathic, and ethical forms of psychological, educational, and social approaches to people with emotional suffering and disability. He graduated from Harvard College with Honors and his psychiatric training included a Teaching Fellowship at Harvard Medical School. Following his training, he became a Full Time Consultant in the U.S. Public Health Service at NIH, assigned to the National Institute of Mental Health. Since then, he has taught at several universities, including Johns Hopkins, George Mason, and the University of Maryland, as well as at the Washington School of Psychiatry. Dr. Breggin is the author of more than 20 medical and scientific texts, as well as popular books, including the bestseller and highly-

2

documented *Talking Back to Prozac*. Since 2020, Dr. and Mrs. Breggin have been involved in the public discussion regarding a complete examination of the real science surrounding COVID-19 and the efficacy of the resulting vaccine and its effect on humanity throughout the world. They have published numerous articles on the subject, and have participated on panel discussions, media interviews and appeared on podcasts and other social media platforms to discuss their views.

In his Complaint, Dr. Malone alleges that the Breggins defamed him by false statements made about him in the public discussion over the coronavirus vaccine (Count I), defamed him by implication because the allegedly defamatory statements made in internet articles, podcast videos and on social media platforms (referred cumulatively to by Plaintiff as "the Statements" in his Complaint) were delivered by the Breggins with the "strong gist and implication… that Dr. Malone is intentionally dishonest, deceitful, immoral, unethical and dangerous, and that he is unfit to practice medicine." (Pl. Complaint, ¶ 23) (Count I).[1] Dr. Malone also alleges that the Breggins used "insulting words, in the context and under the circumstances in which they were spoken and written" with the intent to incite violence and a breach of the peace. (Pl. Comp. ¶ 28-30) (Count III).

## THE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a case if there exists a lack of personal jurisdiction over a defendant. *Fed. R. Civ. P. 12(b)(2)*. When resolving a Rule 12(b)(2) motion, the Court must engage in a two-step analysis.

---

[1] There are two "Count I 's" in Dr. Malone's Complaint.

First, it looks to whether personal jurisdiction is authorized by state law. *Mitrano v. Hawes,* 377 F.3d 402, 406 (4th Cir. 2004). Second, the court must find that the exercise of personal jurisdiction comports with the constitutional requirements of due process. *Id.* Virginia's long-arm statute extends personal jurisdiction to the constitutionally permissible limits of the Due Process Clause of the Fifth Amendment. *ePlus Tech., Inc. v. Aboud,* 313 F.3d 166, 176 (4th Cir. 2002). Accordingly, "[b]ecause Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 277 (4th Cir. 2009). A plaintiff bears the burden of proving that personal jurisdiction exists by a preponderance of the evidence. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). Traditionally, federal courts establish personal jurisdiction over defendants based on their "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In reviewing a motion to dismiss under Rule 12(b)(2), a court views all relevant allegations in the light most favorable to the plaintiff and draws all reasonable inferences in favor of jurisdiction. *Combs,* 886 F.2d at 676; see also *Mylan Labs. v. Akzo,* N.V., 2 F.3d 56, 59-60 (4th Cir. 1993).

## ARGUMENT

### A. Virginia's Long Arm Statute does not vest this Court with Personal Jurisdiction over the Breggins.

Dr. Malone alleges that the Breggins are subject to personal jurisdiction under Virginia's Long Arm Statute §8.01-328.1(A)(1), (A)(3), and (A)(4), and also in accordance with the Due Process Clause of the United States Constitution. He also

4

asserts in his Complaint that the Breggins "minimum contacts" with Virginia are sufficient to confer personal jurisdiction over the matter.

Specifically, Dr. Malone asserts that the Court has personal jurisdiction over the Breggins because they both transact business and engage in a "persistent, continuous and ongoing course of conduct in Virginia; and, that they targeted a Virginia medical professional and used the internet and social media to direct false and defamatory statements to a Virginia audience. Dr. Malone states that his three claims directly arise from and relate to Defendants' publication of false and defamatory statements in Virginia," where he lives. (Pl. Comp. ¶ 8).

The Plaintiff's reliance upon Virginia's Long Arm Statute to confer personal jurisdiction is without support. Malone cites three subsections within the code section, that allow Virginia courts to exercise personal jurisdiction in certain circumstances over a person, "who acts directly or by an agent, as to a cause of action arising from the person's: 1. Transacting any business in this Commonwealth; 2. Contracting to supply services or things in this Commonwealth; 3. Causing tortious injury by an act or omission in this Commonwealth; and 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth."

Nothing in Dr. Malone's Complaint establishes that the Breggins transacted any business in the Commonwealth of Virginia. The only allegations that Malone attempts to tie the Breggins to Virginia are that the Breggins' published a book, *COVID-19 and the Global Predators, We are the Prey*, and that the 14 alleged statements made by Dr.

5

Breggin on various social media platforms were potentially heard or read by persons in Virginia. Nowhere in the Complaint is it alleged that the Breggins had offices and/or real property in Virginia, or had agents of theirs located in Virginia transacting business, had reached into the Virginia forum to solicit business, or made any in-person contact in Virginia.

Nothing in Dr. Malone's Complaint even remotely indicates and that the Breggins contracted to supply services or things in the Commonwealth. In fact, there is no evidence that either Breggin had entered into any oral or written agreements to supply any services or things to any third party in Virginia. While the factual allegations contained in the Complaint state that the Breggins wrote a book, it nevertheless is completely lacking any allegation that he contracted to supply this book exclusively to anyone in the state. And, while the factual allegations in the Complaint allege that the Defendants made certain statements on various social media and internet platforms, nowhere is it alleged that the Breggins (either individually or collectively) contracted to supply and/or direct these interviews and writings into Virginia. And, nothing in Dr. Malone's Complaint alleges that the Breggins caused tortious injuries (Defamation, both actual and by implication, and/or insulting words) by an act or omission committed in this Commonwealth.

**B. Plaintiff's Complaint fails to satisfy the Due Process requirements necessary to vest the Court with personal jurisdiction.**

Under Dr. Malone's constitutional due process argument, he offers that the Breggins have "minimum contacts" with Virginia without any further proof. Minimum contacts are a nonresident civil defendant's connections with the forum state (i.e., the state where the lawsuit is brought) that are sufficient for the forum state to assert personal

jurisdiction over that defendant. Lack of minimum contacts violates the nonresident defendant's constitutional right to due process and "offends traditional notions of fair play and substantial justice" (*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

### 1. The Plaintiff's Complaint fails to establish the Breggins' "minimum contacts" with Virginia.

The minimum contacts test that courts utilize to determine whether such contacts by a Defendant are sufficient to create personal jurisdiction considers three factors "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 708, 712 (4th Cir. 2002). While the location of the plaintiff's injury is a consideration, the United States Supreme Court and the Fourth Circuit have denied attempts to vest jurisdiction in a State based entirely or predominantly on the locus of the plaintiff's injury. In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court reiterated that "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 1125. Instead, the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

In *ESAB Group Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997), the Fourth Circuit rejected the argument that jurisdiction necessarily vests wherever a plaintiff feels the balance-sheet injury of decreased sales nationwide. "Such a theory would always make jurisdiction appropriate in a plaintiff's home state, for the plaintiff always feels the

7

impact of the harm there." *Id*. at 626. Instead, the constitutional focus must be on the defendant's decision to purposefully avail itself of the forum state. Id. at 625-26.

As an initial matter, the Breggins' traditional contacts do not demonstrate that they purposefully availed themselves of doing business in Virginia in relation to their allegedly defamatory statements. As stated previously, the Breggins have no home, office, business or property in Virginia. None of the allegedly defamatory statements cited by the Plaintiff were either written or spoken in Virginia; and, Dr. Breggin's book was neither written nor published solely in Virginia, and was released to the general public both nationally and world-wide, not just in Virginia. All recordings made of the allegedly defamatory statements (whether by spoken or written word) were also available on the internet to the greater public, and were neither made directed at, nor solely accessible in Virginia.

Courts, including the Fourth Circuit, have altered the traditional analysis above to account for technological advances that have facilitated the exchange of products and ideas. In *ALS Scan*, the Fourth Circuit adopted and adapted the *Zippo* test, which identified as a guiding principle in Internet contact cases that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." Id. at 713 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D Pa. 1997)). Consequently, the following standard has emerged for determining minimum contacts in the digital age: a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions

8

within the State, and (3) the activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. *ALS Scan*, 293 F.3d at 714. The Fourth Circuit's standard modifies the *Zippo* test slightly by focusing on the defendant's "purposeful targeting of a particular forum, not just the level of interactivity" of the website at issue. *Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d. 589, 594 (E.D. Va. 2003). Simply put, the *ALS Scan* balances the ever expanding reach of the internet globally and its interconnectivity of its billions of users with the legal maxim that "technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *ALS Scan*, 293 F.3d at 711. The application of *Zippo* test and *ALS Scan* analysis by the 4th Circuit in *Young v. New Haven Advocate* 315 F.3d 256 (4th Cir. 2002) is particularly helpful here. In that case two Connecticut newspapers and their staff allegedly defamed a Virginia prison warden by posting articles online discussing Connecticut's policy of housing prisoners in Virginia facilities. Finding that the Court lacked personal jurisdiction over the Defendants, the Fourth Circuit noted that the place where the Virginia warden would feel the effects of the libelous statements was relevant to the jurisdictional analysis, but the court "emphasized how important it is . . . to look at whether the defendant has expressly aimed or directed its conduct toward the forum state." Id. at 263.

2. **The Breggins did not expressly aim or direct their conduct toward Virginia.**

It is clear from the Complaint (and not in dispute) that Virginia was where Dr. Malone alleges he felt the effects of statements he alleges to be defamatory; but his conclusory statements that all of the Defendants "targeted" him and "published" their

9

supposedly injurious statements in Virginia are lacking the factual support necessary to establish Virginia's personal jurisdiction over the defendants. Because the analysis of this case rests upon whether or not the Breggins expressly aimed or directed their conduct towards Virginia, an examination of the Complaint itself does not reveal one single factual allegation that even remotely demonstrates that the Breggins directed <u>any</u> electronic activity into the Commonwealth with the *manifested intent* of engaging in business or other interactions within Virginia. Despite Dr. Malone's belief to the contrary, the fact that the Defendants had a podcast interview of them published on the internet, or that they published written work on a public blog or on their website, or even that they commented in the public square of social media, without more, utterly fails to demonstrate that they expressly aimed/directed their conduct towards Virginia with the manifest intent to direct the activity to Virginia for the purpose of engaging in business in the state. Therefore, the Plaintiff has failed to demonstrate in his Complaint that general personal jurisdiction over the Defendants exists with the Virginia courts.

Clearly, Dr. Malone's Complaint contains nothing more than conclusory allegations that are devoid of sufficient factual detail from which the Court could make decisions about personal jurisdiction. When the court decides a personal jurisdiction challenge without an evidentiary hearing, plaintiffs must establish a prima facie case of personal jurisdiction. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). To determine whether a plaintiff has satisfied this burden, the court may consider both the defendant's and the plaintiff's "pleadings, affidavits, and other supporting documents presented to the court," but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in its favor," and "assuming

[plaintiff's] credibility." *Masselli & Lane, PC v. Miller & Schuh, PA,* 215 F.3d 1320, —— ——, 2000 WL 691100, at *1 (4th Cir. 2000) (table opinion); *see Mylan Labs.*, 2 F.3d at 62; *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In doing so, however, the Court need not "credit conclusory allegations or draw farfetched inferences." *Masselli,* 215 F.3d 1320, ——, 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). Here, merely alleging that Dr. Malone suffered his injury in Virginia due solely to the general publication of the statements on the internet does not vest Virginia courts with personal jurisdiction. In cases of online defamation such as this one, personal jurisdiction requires more than merely posting comments hosted on a server that happens to be based in Virginia, or which sends data through a Virginia-based server, or even if it is accessible to Virginians using their electronic devices in Virginia. Due process is not satisfied without purposeful targeting of a Virginia audience, which is completely lacking in the case at bar.

## CONCLUSION

It is clear that the Plaintiff has not made a sufficient demonstration that this court can exercise personal jurisdiction over Breggins in this case, because all of the statements allegedly made by the Breggins were addressed to a nationwide audience and had no special appeal for Virginia readers. The mere fact that Breggins referenced a Virginia doctor in his comments without mentioning Virginia does not demonstrate an intent to target Virginia. Moreover, the Plaintiff has failed to demonstrate factually any minimum contacts by the Breggins with Virginia that might, if proven, subject them to the jurisdiction of its courts. Therefore, this matter should be dismissed for lack of personal jurisdiction regarding Dr. and Mrs. Breggin.

Respectfully Submitted,

PETER R. BREGGIN, MD.
GINGER ROSS BREGGIN
By Counsel

By: /s/ William M. Stanley
William M. Stanley, Esq. - VSB# 37209
THE STANLEY LAW GROUP, PLLC
13508 Booker T. Washington Hwy.
Moneta, Va. 24121
p. 540-721-6028
f. 540-721-6405
bstanley@vastanleylawgroup.com

## CERTIFICATE

I hereby certify that on the 8th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272 Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Counsel for the Plaintiff

By: /s/ William M. Stanley