UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| DR. ROBERT W. MALONE,<br><br>　　　　Plaintiff,<br>　　v.<br><br>PETER R. BREGGIN, MD,<br>GINGER ROSS BREGGIN,<br>AMERICA OUT LOUD,<br>DR. JANE RUBY<br><br>-and-<br><br>RED VOICE MEDIA,<br><br>　　　　Defendants. | Case No. 3:22-cv-63 |

**BRIEF IN SUPPORT OF DR. JANE RUBY'S**
**MOTION TO MODIFY PRETRIAL ORDER AND STAY DISCOVERY**

Defendant, Dr. Jane Ruby, by counsel, submits this Brief in Support of her Motion to Modify Pretrial Order and Stay Discovery, and states:

**I.　　INTRODUCTION**

1.　　Dr. Jane Ruby ("Dr. Ruby") moves to modify the pretrial order and briefly stay discovery pending disposition of her motion to dismiss brought under rules 12(b)(2) and 12(b)(6), Federal Rules of Civil Procedure. If granted, the motion to dismiss will dispose of this action in its entirety. Notably, Dr. Ruby raises in her motion to dismiss several speech protections, including anti-SLAPP immunity—necessitating a stay on costly discovery. She also challenges personal jurisdiction in this forum. Dr. Ruby is a Florida resident and political commentator that has neither

intentionally directed online content to this state, nor opined on Virginia-specific events. Discovery should be stayed until these threshold issues are resolved.

## II. BRIEF PROCEDURAL HISTORY

2. On October 30, 2022, Plaintiff Dr. Robert W. Malone filed this lawsuit against Dr. Jane Ruby, and others, for defamation and speech-related torts. ECF No. ("DE.") 1. As alleged, Dr. Malone sues Dr. Ruby for statements made by others that she reposted, linked to, cited, or summarized on her Telegram account. The challenged statements arise from a hot button issue in worldwide discourse. DE. 33, pp. 22-27. Dr. Malone and his critics were speaking about topics—the COVID-19 illness, vaccine, and pandemic—that at the time (and to this day) remain the subject of vigorous scientific debate.

3. On June 12, 2023, after timely waiving service, Dr. Ruby moved to dismiss the action pursuant to rules 12(b)(2) and 12(b)(6), Federal Rules of Civil Procedure. DE 17, 32, 33. In part, she seeks dismissal because she is a Florida resident. Her online content emanating from Florida was not intended to target Virginia, did not opine on Virginia-centric issues, and was accessible to anyone with an Internet connection. DE. 33, p. 14. She also moved to dismiss pursuant to Virginia's anti-SLAPP statute, Va. Code. Ann. § 8.01-223.1, the First Amendment, and the Communications Decency Act. DE. 33, pp. 15-21, 22-27, 35-39. Ruby alleges in the motion to dismiss that Dr. Malone's motive in this lawsuit is to chill free speech on public health matters, and she cannot be held liable for merely posting others' statements on her social media accounts or interviewing others on public health topics. She should not be subject to burdensome and expensive litigation for matters of opinion made in a public debate.

4. On June 14, 2023, the Court entered a proposed Pretrial Order, stating in part: "The court proposes the following as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b). If no party files a motion requesting changes within 10 days, it will constitute the scheduling order in this case." DE 34, at 1. These deadlines should be stayed pending resolution of Dr. Ruby's motion to dismiss.

### III. STANDARD OF REVIEW

5. Generally, the court possesses broad discretion to stay proceedings. *See, e.g., U. of Virginia Pat. Found. v. Hamilton Co.*, 3:13-CV-00033, 2014 WL 4792941, at *2 (W.D. Va. Sept. 25, 2014) (citing *Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848–49 (Fed.Cir.2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.")).

6. Likewise, the courts possess wide discretion to stay discovery pending the outcome of a dispositive motion. *White v. Clarke*, 2022 WL 5265160, at *1 (W.D. Va. Oct. 6, 2022). "In determining whether to issue a stay in this circumstance, the court considers factors such as '[1] the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, [2] strong support for the dispositive motion on the merits, and [3] irrelevancy of the discovery at issue in the dispositive motion.'" *Id.*

### IV. BASIS FOR MODIFICATION AND STAY

#### A. Dr. Ruby Raises Dispositive Issues in Her Motion to Dismiss

7. Dr. Ruby raises dispositive issues in her motion to dismiss. DE. 33. If granted, the action should be dismissed with prejudice. "[T]he interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal

3

issues and 'the resolution of which may obviate the need for or limit discovery in th[e] case.'" *Blankenship v. Trump*, 2020 WL 748874, at *4 (S.D. W. Va. Feb. 13, 2020) (staying discovery pending resolution of a motion to dismiss in a defamation case). *See also Rivers v. United States*, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) ( "staying discovery now is 'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources' in this case").

8. Notably, the stay of discovery in a First Amendment speech case is particularly apt. *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500 (W.D. Va. 2019) ("[B]ecause the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions."); 2 Robert D. Sack, Sack on Defamation: Libel, Slander, and Related Problems, § 14:1.1 (5th ed. 2017) (emphasizing that that the burdens of discovery have "special significance in libel litigation, where the costs of litigation, in both time and money, are considerations that at least in part led to constitutional limits in the first place"). A stay can "mitigate these free speech concerns to ensure that the case has merit before proceeding further." *Blankenship*, 2020 WL 748874, at *4; *see also, e.g., Edwards*, 378 F. Supp. 3d at 478 n.2 (explaining that discovery had been stayed pending resolution of the motion to dismiss, which was granted).

9. Here, the stay of discovery and the modification of pending deadlines is appropriate given Dr. Ruby's alleged immunity under the Communication Decency Act ("CDA"). 47 U.S.C. § 230. "Section 230 of the CDA protects certain internet-based actors from certain kinds of lawsuits[,]" including individual users of an interactive computer service who merely repost others' statements. *Ginsberg v. Google Inc.*, 586 F. Supp. 3d 998, 1004 (N.D. Cal. 2022); *Banaian*

4

*v. Bascom*, 281 A.3d 975, 980 (N.H. 2022) ("That individual users are immunized from claims of defamation for retweeting content that they did not create is evident from the statutory language."). Because the motion to dismiss raises CDA immunity and protection from suit, "staying discovery now is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources' in this case[.]" *Rivers*, 2020 WL 1469475, at *1 (internal quotation omitted).

10. Likewise, the stay of discovery and all deadlines is appropriate, efficient, and necessary because the complaint reflects on its face that it arises from protected opinion speech on matters of public interest. DE. 33, p. 22. The lawsuit is in violation of the First Amendment. And, Dr. Ruby is statutorily immune from Dr. Malone's claims under Virginia's Anti-SLAPP Law. Va. Code § 8.01-223.2(A) (2020). DE. 33, pp. 35. These are dispositive issues that will potentially end the lawsuit in its infancy. Discovery should not be permitted at this stage. The very purpose of Anti-SLAPP is to "to weed out and deter lawsuits brought for the improper purpose of harassing individuals who are exercising their protected right to freedom of speech." *Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021). "The chief concern motivating an anti-SLAPP statute is to protect defamation defendants from litigating 'meritless civil action[s]' that are "intended to force upon a political opponent the high cost of defending against a lawsuit.'" *McCullough v. Gannett, Co., Inc.*, 2023 WL 3075940, at *15 (E.D. Va. 2023).

### B.    There Exists Strong Support for Dr. Ruby's Motion on The Merits

11. In her memorandum in support of her motion to dismiss, Dr. Ruby set forth several meritorious grounds to support dismissal on the merits. DE. 33. As set forth *supra*, she seeks expeditious dismissal under Virginia's anti-SLAPP law, pursuant to CDA immunity, and because her First Amendment rights are at risk.

12. Dr. Ruby's motion is well-rooted in analogous law and the insufficient nature of the complaint on its face. *McCullough*, 2023 WL 3075940, at *16 ("Since the articles at issue were about the COVID-19 pandemic and the resulting medical responses to it, Plaintiff's defamation claim is 'based solely on statements ... regarding matters of public concern.' Va. Code Ann. 8.01-223.2A."); *Banaian v. Bascom*, 281 A.3d 975, 980 (N.H. 2022) ("That individual users are immunized from claims of defamation for retweeting content that they did not create is evident from the statutory language.").

13. For example, Dr. Malone seeks to hold Dr. Ruby pecuniarily liable for merely posting a link to another's statement on her Telegram account. DE. 1, ¶ 10, bullet 5, referencing https://t.me/DrJaneRuby/7167:



As alleged in the motion to dismiss, Dr. Ruby is immune from suit under the CDA. DE. 33, p. 20. The statute's plain language confers immunity from suit upon users and that "Congress chose to immunize all users who repost[ ] the content of others." *Banaian*, 281 A.3d at 980.

14. Moreover, Dr. Ruby alleges strong support for SLAPP dismissal. DE. 33, pp. 35-39. It is beyond question that the statements in the complaint relate to a "matter of public concern." *McCullough*, 2023 WL 3075940, at *8 ("it is undeniable that the COVID-19 pandemic is a matter of public concern."). This case is on all fours with *McCullough*. Indeed, Malone sets the narrative when explaining, at the outset of his complaint, that his mission is to ensure vaccine safety, limit harmful vaccine mandates, and teach about life-saving treatments for COVID-19. DE. 1, ¶ 3. And

the alleged publications arise from differing opinions on COVID, the health freedom movement,[1] vaccines, and the concept of mass formation psychosis promulgated by Dr. Malone and Matthias Desmet. This is precisely the type of speech that SLAPP aims to weed out.

15. And, as a paramount threshold matter, Dr. Ruby lacks sufficient contacts to be haled into this forum. DE. 33, pp. 7-14. She has not manifested an intent to direct online content into Virginia on matters that are Virginia-centric. *Alexander v. Ave.*, 473 F. Supp. 3d 551, 558 (E.D. Va. 2020) ("The Fourth Circuit, however, has rejected the argument that nonresident news organizations open themselves up to suit in a state simply by publishing online articles about that state's residents."); *Consortium for Indep. Journalism, Inc. v. Glob. News*, 2021 WL 1531417, at *8 (E.D. Va. 2021) ("the fact that Plaintiff resides in Virginia and suffered injury here does not, without more, establish the 'minimum contacts' for this Court to exercise personal jurisdiction where the article and broadcasts were created for a Canadian audience concerning matters of Canadian politics."); *Edwards v. Schwartz*, 378 F. Supp. 3d 468 (W.D. Va. 2019) ("Posting defamatory statements on social media, without more, does not constitute purposeful availment."); *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002) ("A person's act of placing information on Internet is not sufficient by itself to subject that person to personal jurisdiction in each State in which information is accessed.").

---

[1] Health freedom relates to the belief of individual choice in health treatments. Lewis A. Grossman, *The Origins of American Health Libertarianism*, 13 "Yale J. Health Policy, L. & Ethics" 76 (2013) ("There is a deep current of belief in the United States that people have a right to choose their preferred treatments without government interference.").

### C. Discovery Is Irrelevant to The Substantive Issues in The Motion to Dismiss

16. Discovery is irrelevant to the substantive issues in the motion to dismiss. As a threshold matter, the Court should resolve this matter and dismiss the lawsuit pursuant to rule 12(b)(2), 12(b)(6), the First Amendment, and Virginia's anti-SLAPP law.

17. Notably, Plaintiff will not be prejudiced by the stay of discovery. On June 21, 2023, Dr. Ruby's counsel, Ronnie Bitman contacted Dr. Malone's counsel, Steven Scott Biss, to confer on the stay of discovery and modification of deadlines pending the jurisdictional decision. On June 21, 2023, Attorney Biss responded that he "is not inclined to oppose" Dr. Ruby's motion to stay discovery and deadlines pending a decision on her 12(b)(2) motion. Then, on June 22, 2023, Biss notified Dr. Ruby's counsel that he intends to file an amended complaint by June 29, 2023. It necessarily follows that discovery should be paused and the pretrial deadlines adjusted. "[D]iscovery *follows* a well-pleaded complaint." *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013) (emphasis in original). It does not *precede* it.

### V. CONCLUSION

18. Dr. Ruby requests that the Court enter an order staying discovery and all deadlines in the Pretrial Order pending a ruling on her motion to dismiss. Such relief is proper. *Edwards*, 378 F. Supp. 3d at 478 n.2 (explaining that a stay motion had been granted); *see also, e.g.*, *White*, 2022 WL 5265160, at *1 (staying discovery pending resolution of dispositive motion); *Scott v. Wise Cnty. Dep't of Soc. Servs.*, 2021 WL 609251, at *3 (W.D. Va. Feb 16, 2021) (same); *Morris v. Fletcher*, 2016 WL 7744451, at *2 (W.D. Va. Nov. 16, 2016) (same); *Treadwell v. Murray*, 878 F. Supp. 49, 51 (E.D. Va. 1995) (same).

Dated: June 26, 2023.

                        Dr. Jane Ruby
                        By Counsel

MERRITTHILL, PLLC

/s/ *R. Braxton Hill, IV*
R. Braxton Hill, IV (VSB No. 41539)
Craig Thomas Merritt (VSB No. 20281)
919 E. Main Street, Suite 1000
Richmond, VA 23219
Telephone: 804.916.1600
E-mail: bhill@merrittfirm.com
E-mail: cmerritt@merrittfirm.com

BITMAN O'BRIEN & MORAT, PLLC

/s/ Ronnie Bitman
Ronnie Bitman (admitted *pro hac vice*)
615 Crescent Executive Ct., Suite 212
Lake Mary, Florida 32746
Telephone: 407.815.3110
E-mail: rbitman@bitman-law.com

*Attorneys for Defendant Dr. Jane Ruby*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants.

Date:  June 26, 2023

/s/ *R. Braxton Hill, IV*
R. Braxton Hill, IV (VSB No. 41539)
MERRITTHILL, PLLC
919 E. Main Street, Suite 1000
Richmond, VA 23219
Telephone:  804.916.1600
E-mail:  bhill@merrittfirm.com

*Attorney for Defendant Dr. Jane Ruby*