UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| DR. ROBERT W. MALONE, | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-63 <br> ) |
| PETER R. BREGGIN, MD, <br> GINGER ROSS BREGGIN, and <br> DR. JANE RUBY, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**DR. JANE RUBY'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS [49]**

Defendant, Dr. Jane Ruby ("Dr. Ruby"), through counsel, submits this Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss. [DE 49].

**I.     INTRODUCTION**

Plaintiff, Dr. Robert W. Malone ("Dr. Malone"), seeks $25 million in damages against Dr. Ruby and the Breggins for purported defamation and insulting words. The subject matter of the lawsuit centers around what Dr. Malone *believes* to be defamatory publications related to his self-professed role as the leading physician and scientist of the COVID-19 era, particularly in the field of mRNA technology. In his amended complaint, Dr. Malone alleges to be "a world-renowned scientist and expert in the field of mRNA technology." [DE 37, ¶ 1]. He describes himself as the "leading contributor to the science exploited by Pfizer and other pharmaceutical corporations to create COVID-19 'vaccines." [*Id.*]. Despite the global topics at issue, Dr. Malone attempts to hale Dr. Ruby (a Florida resident and online political commentator) into a Virginia forum by contending "Virginia is the focal point" of the statements.

The Court should quickly dismiss Dr. Ruby from this lawsuit for lack of personal jurisdiction. The facts show that she merely reposted others' statements online, and hosted web interviews on topics of public health and global interest. Her opinions arise from a hot-button world-wide issue for those interested in health freedom and cannot be construed—even in the light most favorable to Plaintiff—as Virginia-centric. Alternatively, the Court should dismiss the lawsuit for failure to state a cause of action, and because the lawsuit is a quintessential SLAPP suit aimed at chilling free speech. Dr. Malone's allegations are also barred by the Communication Decency Act. In his response to the motion to dismiss, Dr. Malone does nothing to avoid dismissal.

## II. ARGUMENT

### a. Personal Jurisdiction

The Court lacks personal jurisdiction over Dr. Ruby, a Florida resident. "A person's act of placing information on Internet is not sufficient by itself to subject that person to personal jurisdiction in each State in which information is accessed." *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) (internal quotation omitted).

In opposing dismissal, Dr. Malone contends that "[p]ersonal jurisdiction is warranted in Virigina because Virginia is the 'focal point' both of Breggins' and Ruby's publications and the harm suffered." [DE 49, p. 7]. <u>Not so</u>. The quality and nature of Dr. Ruby's electronic activity pertains to COVID-19, health freedom, and vaccines—a global issue. She does not discuss Virginia-specific events. This is plainly not the same situation as *Gilmore v. Jones*, where, unlike here, "the exclusive focus of Creighton's publications was a **<u>Virginia event</u>** and a Virginia citizen." 370 F. Supp. 3d 630, 654-55 (W.D. Va. 2019) (emphasis added). When considering the "general thrust and content" of Dr. Ruby's Internet show and online posts, she has not "manifest[ed] an intent to target or focus on Virginia readers." *Young*, 315 F.3d at 263.

2

Moreover, this case is unlike *UMG Recordings v. Kurbanov*, 963 F. 3d 344 (4th Cir. 2020). Dr. Malone's cursory characterization of *Kurbanov* omits key distinctions, including Kurbanov's purposeful targeted advertising to Virginians and his exploitation of the popular Virginia base for commercial gain. Unlike here, Kurbanov, a Russian citizen, "owns and operates the websites www.flvto.biz [] and www.2conv.com." *Id.* at 348. Dr. Ruby does not own the Stew Peters Network, or any social media platform, including Twitter, Telegram and Gab. And, unlike here, Kurbanov engaged in activities purposefully directed at Virginia. Unlike Dr. Ruby, he specifically targeted Virginia visitors through targeted website advertising, which he facilitated "by collecting and selling visitors' data." *Id.* at 354. His websites have a substantial number of visitors from Virginia. *Id.* at *355*. He exploits his popular Virginia base for commercial gain. *Id.* at 354.

Here, Dr. Ruby has attested that she posts on social media accounts (on platforms that she does not own) and hosts an internet show that is available worldwide. She does not charge subscribers and does not solicit or target Virginians as consumers separate from a worldwide audience. (DJR, ¶¶ 4, 5). Despite Dr. Malone's conclusory allegations, Dr. Ruby is <u>not</u> paid by subscribers anywhere. (*Id.* at ¶ 5). In contrast, Kurbanov's "website explained that 'visitors' IP addresses, countries of origin, and other non-personal information may be collected 'to provide targeted advertising.'" *Conopco, Inc. v. Rebel Smuggling, LLC*, 2:21-CV-347, 2021 WL 5909831, at *4 (E.D. Va. Dec. 14, 2021) (quoting *Kurbanov*, 963 F. 3d at 348). Moreover, unlike *Kurbanov*, Dr. Malone does not allege that Dr. Ruby owns any website, or that she broadcasts a show on a platform that she owns.[1]

---

[1] In fact, Dr. Malone does not even provide specific quoted "publications" that Dr. Ruby is alleged to have made.

In short, Dr. Ruby does not engage in purposeful targeted advertising to Virginians. While she uploads content to yourNEWS, she does not select, urge, opine, or otherwise intend to distribute any content on YourNEWS in or to Virginia or any particular state. (DJR, ¶ 6).

And secondarily, unlike *Kurbanov*, Virginia is not the genesis of the dispute here. Rather, Dr. Malone sues over website posts and commentary related to global health concerns. Notably, in the Breggins' reply, they contend "both the Plaintiff and the Defendants are public figures engaged in a great debate over the COVID-19 disease, how our government officials handled the shut-down of society for a period during the pandemic, and the efficacy of the vaccine imposed upon the population by governments all over the world. (DE 54, p. 7). There should be no doubt. Virginia is not the focal point of the health freedom movement, COVID-19, or vaccine safety. Even if Ruby (or the Breggins) may have commented on this lawsuit on social media since its filing, that alone does not confer personal jurisdiction upon Dr. Ruby, place Virginia at the epicenter of the dispute, or show that she purposefully targets a Virginia audience.[2]

This case is also unlike *Blue Ridge Bank, Inc. v. Veribanc*, wherein Veribanc engaged in a persistent course of conduct with Virginia. 755 F. 2d 371, 374 (4th Cir. 1985). There, Veribanc sent its analysis to Virginia customers who then sent payment to Veribanc. *Id.* It had purposeful ongoing interactions with the forum state. Dr. Ruby is also far removed from *Keeton v. Hustler Mag., Inc.*, wherein the circulation of magazines throughout the state was purposefully directed at the state. 465 U.S. 770, 774 (1984). "Such regular monthly sales of thousands of magazines cannot by any stretch of the imagination be characterized as random, isolated, or fortuitous." *Id.* Dr. Malone alleges no such facts with respect to Dr. Ruby.

---

[2] The existence of the lawsuit itself, and subsequent fundraising for legal fees arising from the lawsuit, cannot be the basis for personal jurisdiction. After-suit conduct is not a basis for jurisdiction relating to the filing of the complaint.

Additionally, Hustler *chose* to enter the New Hampshire market. *Id.* at 779. And the magazine company continuously and deliberately exploited the New Hampshire market. *Id.* at 781. The purposeful circulation of magazines by a company in a forum state is not qualitatively the same as placing content on the internet without the specific intent to target or engage in business within the state. And, again, Dr. Ruby is not paid by any Virginians that may happen to view her accounts. Finally, Dr. Malone is mistaken in his reliance upon *Estate of Steele v. Goodman*, 2022 WL 4274120 (E.D. Va. 2022). In *Goodman*, unlike here, the alleged defamatory statements related to an interview that occurred in Virginia. And Goodman was present in Virginia in connection with the production of the YouTube videos at issue. That is not the situation here.

The Court should dismiss this action for lack of personal jurisdiction over Dr. Ruby. She has attested it would be a tremendous burden for her to litigate in Virginia. She maintains no connections to this state. She resides and works in Florida and has not taken any action to submit herself to the laws of Virgnia. None of the alleged statements were made in Virginia, and Dr. Ruby did not intend to communicate any statement specifically into Virginia apart from her reach of a global audience that views her internet show and social media. (DJR, ¶ 8).  Dr. Malone's original complaint, amended complaint, and his reply all fail the jurisdictional analysis.

      b.      **Failure to State a Claim (12(b)(6))**

           i.      **Malone's Claims are Barred by the Communications Decency Act**

Dr. Ruby alternatively moved to dismiss this action as barred by the Communications Decency Act ("CDA"). 47 U.S.C. § 230. "Section 230 of the CDA protects certain internet-based actors from certain kinds of lawsuits[,]" including individual users of an interactive computer service who merely repost others' statements. *Ginsberg v. Google Inc.*, 586 F. Supp. 3d 998, 1004 (N.D. Cal. 2022); *Banaian v. Bascom*, 281 A.3d 975, 980 (N.H. 2022) ("That individual users are

immunized from claims of defamation for retweeting content that they did not create is evident from the statutory language.").

In her memorandum of law, Dr. Ruby devoted over eight (8) pages to the application of the CDA to the dismissal of this lawsuit. (DE 48, pp. 19-27). Dr. Malone fails to respond to her argument at all. Under the Local Rules, Title II, Rule 11(c)(1), "[u]nless otherwise directed by the Court, the opposing party must file a responsive brief and such supporting documents as are appropriate[.]" Additionally, this Court's pretrial order cautions that if a brief opposing a motion is not filed, the court will consider the motion unopposed. (DE 34, ¶ 7). As such, Dr. Ruby's motion should be considered unopposed. The Court should grant dismissal under the CDA for the sound reasons set forth in Dr. Ruby's memorandum of law. (DE 48, pp. 19-27).

### ii. The Complaint Fails to State a Defamation Claim Under Virginia Law

Dr. Ruby moved to dismiss the amended complaint, in part, because the allegations therein are, at best, nonactionable opinion and arise from academic dispute. The statements at bar arise from a hot button issue in worldwide discourse. There exists a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks[.]" *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). And the reasonable reader or audience is expected to understand that a controversy "shades every statement made" in an emotional and heated public health debate. *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 510 (W.D. Va. 2019).

With this in mind, this case is closely analogous to *McCullough v. Gannett, Co., Inc.*, 2023 WL 3075940, (E.D. Va. 2023). Likewise, the courts' analyses in *Arthur v. Offit*, 2010 WL 883745 (E.D. Va. 2010) and *Immanuel v. Cable News Network, Inc.*, 2022 WL 3030290, at *1 (S.D. Tex. 2022) are apt.

In response, Dr. Malone does not directly dispute that his allegations amount to opinion speech or arise from an academic dispute. He does not address *McCullough*, *Arthur,* or *Immanuel*. Instead, he argues that even statements of opinion may be actionable. (DE 49, pp. 12-14). He vaguely contends (without any specific analysis as to the words used, or identification of who said what) that "Paragraphs 6, 10, and 13 of the amended complaint describe statements which, accepted as true, accuse or impute to Dr. Malone criminal, immoral, and unethical conduct and cast him in an odious, ridiculous, and contemptuous manner." (*Id.* at p. 14).

Given Dr. Malone's failure to address the purported defamatory statements specifically within his response, he fails to provide any meaningful analysis to the Court. He has not shown that the allegations of the complaint are anything more than opinion. For example, Dr. Malone has not shown that an opinion that he is pushing an obscure psychoanalyst or questioning whether he was part of a freedom movement is actionably defamatory. Each statement is part of public debate surrounding COVID-19, public health, and vaccine safety. The statements are matters committed to public robust discussion, debate, opinion and criticism—not for courts or juries to determine. "Statements of different, even conflicting, opinions, about unsettled matters of scientific or medical treatment that are the subject of ongoing public debate and deep public interest, cannot give rise to defamation claims." *Immanuel*, 2022 WL 3030290, at *4; *see also id.* at *3 (granting motion to dismiss, as nonactionable, plaintiff's allegations that gist the of CNN's statements was that physician "is unfit to be a medical doctor, that her medical judgments and advice are unsafe and/or unsound, and that she peddles disinformation, including harmful medical treatments, and therefore, endangers patients"); *Kelly v. Daily Beast Co., LLC*, 2022 WL 17546616, at *7 (W.D. Mich. Dec. 9, 2022) (statement that Kelly is "stoking the fourth wave of COVID" is "rhetorical hyperbole that cannot serve as the basis for a defamation claim").

7

Moreover, Dr. Malone does not dispute that the actual malice standard applies to this lawsuit. Afterall, he proclaims to be the leading scientist and doctor at the forefront of COVID-19. In his response to Dr. Ruby's motion to dismiss, he suggests that he meets the actual malice standard through an "accumulation of inferences." However, his argument reveals nothing more than the allegations of the deficient complaint. Dr. Malone fails to sufficiently plead actual malice by merely contending that Dr. Ruby reviewed his website and because he possesses a level of stature in the public eye. His vague allegations of actual malice and republication fall short. *McCullough*, 2023 WL 3075940 at *14 (noting that vague allegation insufficient to show actual knowledge); *Prince v. Intercept*, 2022 WL 5243417, at *17 (S.D.N.Y. 2022) ("the Court finds Plaintiff's general contention—that as a former Navy SEAL who earned the trust and confidences of multiple U.S. Presidents it is 'inherently improbable' that he would offer military services to a sanctioned Russian entity—to be conclusory. []."); *Hanks v. Wavy Broad., LLC*, 2012 WL 405065, at *12 (E.D. Va. 2012) ("in cases where a defamation claim requires a showing of actual malice, courts in the Eastern District of Virginia have found that conclusory allegations regarding the [defendants'] intent ... are insufficient to survive a motion to dismiss.").

Notably, Dr. Malone contends that actual malice may be inferred because the Breggins and Dr. Ruby brazenly republished statements about Dr. Malone after being put on notice. Yet, in the amended complaint, he fails to identify any republication made by Dr. Ruby. (*See* DE 37, ¶ 13) (citing to a hyperlink of a blog post written by the Breggins, *not Dr. Ruby*, and available at https://www.americaoutloud.news/dr-robert-malone-attacks-and-maligns-leading-freedom-fighters/). Dr. Malone fails to plead, at a minimum baseline level, any purported defamatory republication made by Dr. Ruby. Dr. Ruby's arguments on these points have gone unopposed in substance.

### iii. Insulting Words

Dr. Ruby moved to dismiss Dr. Malone's count for insulting words. (DE 48, p. 40). His claims for defamation and insulting words rise and fall together. In any event, Dr. Malone has not alleged statements that tend to embrace violence or a breach of the peace. He has not alleged a plausible claim that the actual words used in written blog posts, social media posts, or web interviews (pertaining to academic dispute and not exchanged face-to-face) tend to an immediate breach of the peace. Moreover, Dr. Malone has not alleged facts to show that an immediate breach of the peace *actually occurred or was likely to occur*. *Levine v. Meador*, 1:20cv1073-TSE-TCB, 2022 WL 18912678, at *11 (E.D. Va. Mar. 29, 2022), *report and recommendation adopted*, 2022 WL 18912217 (E.D. Va. Aug. 18, 2022).

In a strained effort to avoid dismissal, Dr. Malone makes erroneous accusations in his response memorandum. He contends that Dr. Ruby accused Dr. Malone of being responsible for COVID, he created a technology that he knew would kill people, that he is an apologist for mass murder, and accused him of fraud and grifting. (DE 49, p. 20). These statements were never uttered by Dr. Ruby, and the amended complaint does not so state. (DE 37). Moreover, the substance of the actual words used are not the same words alleged by Malone in his memorandum.[3] For example, Dr. Malone contends in his response memorandum that Dr. Ruby claimed he is an apologist for mass murder (DE 49, p. 20)—but, on this point, his amended complaint links to a blog post written by the Breggins not Ruby, (DE 37, p. 12, https://www.americaoutloud.news/psychotherapist-mattias-desmet-failed-to-report-his-own-mass-murderer-patient/), wherein no such statement was made about Dr. Malone.

---

[3] A complaint may not be amended through briefs in opposition to a motion to dismiss. *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.13 (E.D. Va. 2004).

9

Moreover, to the extent that Dr. Malone attempts to charge Dr. Ruby with statements made by a third party, Paul Alexander, he failed to include Alexander as a party to this lawsuit. And again, Malone has failed to allege plausible facts that would impute other persons' statements to Dr. Ruby sufficient to charge her with insulting words. General allegations of conspiracy do not suffice to withstand a motion to dismiss. *Lokhova v. Halper*, 441 F. Supp. 3d 238, 266 (E.D. Va. 2020), *aff'd,* 995 F.3d 134 (4th Cir. 2021). The facts of an alleged conspiracy must be alleged with particularity and must be plausible, not barebone speculation. *Unspam Techs., Inc. v. Chernukcon*, 716 F.3d 322, 329 (4th Cir. 2013); *Alexander v. Ave.*, 473 F. Supp. 3d 551, 559 (E.D. Va. 2020) (plaintiff's "speculation that the defendants coordinated their activities to injure him 'does not suffice to allege a plausible claim of the existence of a conspiracy.'").

Here, Malone fails to state a plausible claim of conspiracy against Dr. Ruby. Participating in a great debate is not a conspiracy. Instead, it is vital to our national commitment to encourage robust discussion on public issues. *Sullivan*, 376 U.S. at 270. Moreover, the existence of parallel thinking or actions amongst different persons is not enough to create a plausible conspiracy, especially given the global interest regarding COVID-19, and where a person's opinion on topics of public health is a natural unilateral reaction of the individual, not a conspiracy to injure. If the reverse were true, every member of society could be charged with conspiracy for merely agreeing with someone's thought process. Every person that retweets another could be charged with conspiracy. This is not the law. *C.f., Bell A. Corp. v. Twombly*, 550 U.S. 544, 566 (2007) ("there is no reason to infer that the companies had agreed among themselves to do what was only natural anyway; so natural, in fact, that if alleging parallel decisions to resist competition were enough to imply an antitrust conspiracy, pleading a § 1 violation against almost any group of competing businesses would be a sure thing.").

In sum, Dr. Malone's amended complaint fails to allege a plausible claim for insulting words (*e.g.*, the actual words used do not accuse Dr. Malone of being responsible for COVID[4] or being an apologist for mass murder); Dr. Ruby did not make the alleged statements; Dr. Malone failed to include Paul Alexander as a defendant to this lawsuit; and, there is a natural explanation for Dr. Ruby's participation in a great debate (through social media post or web interview)—it is the natural reaction of society to inquire into matters of public health and other globally important issues.

### iv. Anti-SLAPP

Dr. Malone provides no meaningful response to Dr. Ruby's motion to dismiss under Virginia's anti-SLAPP statute. Va. Code § 8.01-223.2(A) (2020). The statute reflects the General Assembly's strong support for free speech on matters of public concern. It also reflects the sound public policy that the courts should dismiss baseless lawsuits attacking freedom of expression—such as this one—swiftly. *McCullough*, 2023 WL 3075940, at *15.

At best, Dr. Malone argues that he has alleged actual malice and that is enough to get to a jury. He overlooks that his conclusory allegations fall short. He failed to plead sufficient facts to demonstrate that Dr. Ruby published defamatory statements with actual malice. *AdvanFort Co. v. The Mar. Exec., LLC*, 2015 WL 4603090, at *7 (E.D. Va. 2015) ("it is well established that actual malice must be proved with respect to each defendant"); *Harvey v. CNN, Inc.*, 48 F.4th 257, 274 (4th Cir. 2022) ("naked assertion[s] devoid of further factual enhancement that a defendant has failed to observe journalistic standards, conceived a storyline in advance and sought to find evidence to confirm that story, and relied on unreliable or biased sources in researching a

---

[4] (DE 37, p. 12) (amended complaint) (citing https://rumble.com/v1l4q4f-psychiatric-doctor-blasts-mrna-inventor-mass-formation-psychosis-blaming-yo.html.

purportedly defamatory article, fail to plausibly allege malice.") (internal quotations and citations omitted).

In his responsive memorandum, Dr. Malone contends that Dr. Ruby's statements were made with actual or constructive notice that they were false or with reckless disregard that they were false. But he fails to explain why. Instead, he merely cites inapposite case law. This case is plainly not the same as *Steele v. Goodman*, wherein the Plaintiffs alleged that Goodman made false and defamatory statements that the Plaintiffs were defrauding and stealing from campaign donors (factually provable statements). 382 F. Supp. 3d 403, 427 (E.D. Va. 2019). In their amended complaint, Plaintiffs alleged that "Defendants' own videos" show they reviewed Plaintiffs' website, learned about the #UNRIG campaign, and the #UNRIG campaign "accounted for every penny in a budget that was posted online." *Id.* Moreover, Plaintiff's provided a link to the online budget. *Id.* Here, unlike *Steele*,[5] Dr. Malone allegations fall short. He does not allege plausible facts to show what information was gleaned from Defendants' review of Malone's website, etc., or allege any other plausible fact of actual malice. Nor can he. This matter involves protected opinion speech. This case is also unlike *Vivera Pharm., Inc. v. Gannett Co., Inc.*, wherein the Plaintiff alleged, among other things, that Defendants sought out one-sided attack pieces, relied upon articles and information that had been retracted, and failed to investigate public records revealing the falsity of its statements. 107 Va. Cir. 394 (Va. Cir. 2021).

---

[5] The Plaintiffs in Steele were represented by Dr. Malone's counsel, Attorney Steven Scott Biss.

This Court should reject Dr. Malone's request to extend this meritless lawsuit and should instead grant Dr. Ruby's motion under section 8.01-223.2(A). *McCullough*, 2023 WL 3075940, at *16 ("Since the articles at issue were about the COVID19 pandemic and the resulting medical responses to it, Plaintiff's defamation claim is 'based solely on statements ... regarding matters of public concern.' Va. Code Ann. 8.01-223.2A.").

Additionally, the Court should award SLAPP fees to Dr. Ruby. Dr. Malone filed this meritless lawsuit with the improper motive to chill free speech despite well-known, controlling First Amendment precedent that protects opinion-based speech raised in a public health debate and immunizes the re-posting of third-party content. He openly admits his goal is to chill free speech on a matter of great public importance. In his responsive memorandum, Malone does nothing to avoid an award of fees. He fails to address or deny his improper motive. He also fails to elucidate any legitimate legal or factual basis to show that Dr. Ruby made defamatory statements. Silencing critics through speech-related litigation for the stated purpose of chilling opinion-based speech and the permissible republication of others' criticism is the epitome of protected speech.

### III. CONCLUSION

This Court should dismiss the Amended Complaint for lack of personal jurisdiction, dismiss the action with prejudice as predicated upon non-actionable and protected speech, and award fees to Dr. Ruby.

**WHEREFORE**, the Defendant, Dr. Jane Ruby, respectfully requests that the Court grant the Motion and dismiss the Plaintiff's Amended Complaint for lack of personal jurisdiction, or alternatively because it fails to state a claim on which relief may be granted for the reasons listed above, and award attorneys' fees, costs, and any other relief deemed just and proper.

Dated: August 17, 2023                    Respectfully submitted,

MERRITTHILL, PLLC

/s/ *R. Braxton Hill, IV*
R. Braxton Hill, IV (VSB No. 41539)
Craig Thomas Merritt (VSB No. 20281)
919 E. Main Street, Suite 1000
Richmond, VA 23219
Telephone: 804.916.1600
E-mail: bhill@merrittfirm.com
E-mail: cmerritt@merrittfirm.com

BITMAN O'BRIEN & MORAT, PLLC

/s/ *Ronnie Bitman*
Ronnie Bitman (admitted *pro hac vice*)
615 Crescent Executive Ct., Suite 212
Lake Mary, Florida 32746
Telephone: 407.815.3110
E-mail: rbitman@bitman-law.com

*Attorneys for Defendant Dr. Jane Ruby*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants.

Date:  August 17, 2023

/s/ *R. Braxton Hill, IV*
R. Braxton Hill, IV (VSB No. 41539)
MERRITTHILL, PLLC
919 E. Main Street, Suite 1000
Richmond, VA 23219
Telephone:  804.916.1600
E-mail:  bhill@merrittfirm.com

*Attorney for Defendant Dr. Jane Ruby*